MERRIMAN AND WASSON COMPANY, INCORPORATED *v.*
EAGLE PENCIL COMPANY.

[No. 26,323.  Filed January 15, 1936.]

*Charles H. Foley* and *Harry F. Pavey*, for appellant.
*John E. Sedwick*, for appellee.

HUGHES, J.—This is an appeal from an action brought
by the appellee against the appellant for the appoint-
ment of a receiver.  On September 24, 1932, the appellee
brought an action against the appellant for merchandise
sold, and on February 10, 1933, the appellee filed a peti-
tion for the appointment of a receiver.  From the inter-
locutory order appointing a receiver, the appellant ap-
peals.

The errors relied upon for reversal are as follows:

(1)  The court erred in overruling the appel-
lant's demurrer to the petition for the appointment
of a receiver;
(2)  The court erred in overruling appellant's
motion to find for appellant at the close of appel-
lee's evidence;

(3) The court erred in finding appellant insolvent;

(4) The court erred in appointing a receiver for the appellant.

The appellant presents and relies upon one ground of demurrer, and that is that the petition for the appointment of a receiver did not state facts sufficient to constitute a cause of action.

We do not agree with this contention of appellant. It is alleged in the petition that the appellant was indebted to the appellee in the sum of $207.25; that the appellant was insolvent and owed a large number of creditors; that it would be for the best interest of all the creditors that a receiver should be appointed to take charge of all the assets. It was also requested in the petition that the receiver be authorized to file suit to set aside a pretended conveyance and sale by appellant made to certain parties. It is, by reason of this request, contended by appellant that the theory of the petition is uncertain and indefinite, and that the petition is really asking for relief under the Bulk Sales Law.

From the briefs and the record we think it is clear that the court and the parties hereto considered the petition on the theory that it was asking for the appointment of a receiver because of the insolvency of the appellant. The mere fact that the petition requested authority to file suit to set aside a conveyance is not inconsistent in asking for the appointment of a receiver because of insolvency.

The statute, section 1300, Burns 1926, fifth clause, §3-2601, Burns 1933, specifically provides that:

"When a corporation has been dissolved, *or is insolvent*, or is in imminent danger of insolvency, or has forfeited its corporate rights." (Our italics.)

a receiver may be appointed. We think the petition is within the meaning of the language of the statute.

The evidence shows that the appellant was indebted to the appellee and various other creditors in large amounts to the extent, at least, of $25,000. It is also shown that the appellant was unable to pay its debts. There was sufficient evidence to warrant the court in finding that the appellant was insolvent, and in appointing a receiver.

Judgment affirmed.